<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4524**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

REGINALD SCOTT ANDERSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Glen M. Williams, Senior District Judge.  (1:08-cr-00035-gmw-pms-3)

Submitted:  October 29, 2010          Decided:  October 3, 2011

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Scott Anderson appeals from the 87-month sentence imposed following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and four counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) (2006). Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and the substantive reasonableness of a sentence. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-51. We then determine whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as advisory, selected a sentence based on "clearly erroneous facts," and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We then review whether the district court made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see United

2

States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review") (internal quotation marks omitted).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51). On appeal, we accord a sentence within the properly calculated guidelines range a presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

The district court followed the necessary procedural steps in sentencing Anderson, properly calculating, treating as advisory, and considering the Guidelines range; performing an individualized assessment of the relevant § 3553(a) factors; and stating in open court the reasons for its sentence. The court acted within its discretion in considering Anderson's request for a reduced sentence in light of Kimbrough v. United States, 552 U.S. 85 (2007), as well as guidance from the Department of Justice regarding the Administration's position on the crack/powder cocaine sentencing disparity. Anderson's sentence, which is at the low end of the advisory Guidelines range, is

3

presumed on appeal to be reasonable, and Anderson has not rebutted this presumption. We conclude that the district court did not abuse its discretion in sentencing Anderson.

On appeal, Anderson asks us to vacate the judgment and remand the case so that he might be sentenced pursuant to the terms of the Fair Sentencing Act of 2010 ("FSA"). As we recently held, however, the FSA does not apply retroactively. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the FSA did not apply retroactively to cases on appeal), pet. for cert. filed, (Aug. 17, 2011) (No. 11-5912). Accordingly, as Anderson was convicted and sentenced prior to the effective date of the Act, he is not entitled to relief in this case.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED